**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **Arthur B. Boudin,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NUMBER: 07-891 |
| | ) |
| **Freemont Investment & Loan, Inc.,** | ) |
| | ) |
| | ) |
|     **Defendant.** | ) |

**COMPLAINT**

NOW COMES the Plaintiff and as his Complaint against Defendant Freemont Investment & Loan, Inc., avers as follows:

**JURISDICTION**

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

**SUMMARY OF CLAIMS**

These claims arise from real estate loan transactions resulting in a mortgage upon Plaintiff's home which is located in this district. The Plaintiff asserts claims against Defendant Freemont Investment & Loan, Inc., ("Freemont") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The Plaintiff alleges that Freemont, the originator of the Plaintiff's loan, failed to make accurate disclosures as required under TILA. Specifically, Freemont failed to provide adequate Truth-in-Lending Act (TILA) disclosures. As a consequence of the failure to provide adequate disclosures the Plaintiff has retained his right to cancel the transaction. The Plaintiff has exercised that right by delivering written notice of his election to cancel in accordance with the requirements of TILA. As to the Plaintiff, Freemont has wrongfully failed to recognize the rescission and failed to comply with its other TILA

obligations with respect to Plaintiff's loan cancellation. The Plaintiff seeks a court determination that his loan transaction has been rescinded. Plaintiff also seeks statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1. Plaintiff is all of full age of majority and resides in this district.

2. Freemont is a California corporation with its principal place of business at Brea, California. At all relevant times, Freemont was engaged in the making, holding and/or selling of federally related residential mortgage loans. Freemont does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

3. The Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

4. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). "Material Disclosures" means the disclosure, as required by this subchapter, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed… 15 U.S.C. § 1602(u). If the required disclosures are not provided, then the right to cancel extends up to three years after the date of

the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5. A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may has an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8. As to the Plaintiff's loan, Freemont failed to provide accurate disclosures of the annual percentage rate, the amount of the finance charge and the amount to be financed.

9. Pursuant to TILA, Section 15 U.S.C. §1635, Plaintiff has retained a right to rescind his mortgage loan with Freemont.

10. The Plaintiff has exercised his right to cancel the transaction and has notified Freemont of his election to cancel as required by 15 U.S.C. § 1635. As to the Plaintiff, Freemont

has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff' loan.

11. Freemont is a "creditor" as that term is defined at 15 U.S.C. §1602(f).

12. Plaintiff at all material times, resided at 42186 Nicholsville Road in Bay Minette, Alabama.

13. On or about December 19th 2006, plaintiff obtained a residential real estate mortgage loan with Freemont. The total amount of the loan was $92,000 and was secured by a mortgage security interest in Plaintiff's home.

14. Freemont failed to provide accurate TILA disclosures.

15. With respect to the loan, Freemont *included* fees for "Recording/handling Fee", "Title Insurance", "Endorsements", "Title Binder Fee", "Abstract or Title Search", "Wire Fee" and "Courier Fee" in the calculation of the "Amount Financed." Said fees were neither "bona fide" nor "reasonable" as those terms are used in 12 C.F.R. § 226.4(c)(7) and fees should, therefore, have been *excluded* from that calculation.

16. Consequently the "Recording/handling Fee", "Title Insurance", "Endorsements", "Title Binder Fee", "Abstract or Title Search", "Wire Fee" and "Courier Fee" were *excluded* from the calculation of the "Finance Charge" when such fees should have been *included* in that calculation.

17. As a result of Freemont's failure to provide the notices and disclosures required by TILA, Plaintiff has retained his right to cancel the transaction.

18. By letter dated June 15th 2007, Plaintiff, through his attorney, notified Freemont of his election to rescind the loan.

19. Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

20. Freemont, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT I
## TILA Violations

21. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

22. Plaintiff has properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

23. Defendant has violated TILA in at least the following ways:

   (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

   (B) By failing to accurately make the disclosures required by TILA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Freemont and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

   A) Statutory damages as provided in 15 U.S.C. § 1640(a);

   B) Actual damages in an amount to be determined at trial;

C) Rescission of the including a declaration that Plaintiffs is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Freemont to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to Freemont, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Freemont to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**THE PLAINTIFF DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

s/ Earl P. Underwood, Jr., Esq.
EARL P. UNDERWOOD, JR.  (UNDEE6591)
One of the Attorneys for Plaintiff
21 South Section St.
Fairhope, Alabama  36532
Telephone: 251.990.5558
Facsimile:  251.990.0626
E-mail: epunderwood@alalaw.com

**DEFENDANT FREEMONT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

**Freemont Investment & Loan, Inc.,**
c/o The Corporation Company
2000 Interstate Park Drive STE 204
Montgomery, AL 36109